THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>**Douglas L. Jacobs**<br>**Sonya M. Jacobs**<br><br>Debtor(s) | Case No. 13-14323-BFK<br>Chapter 13 |

DOUGLAS L. JACOBS

and

SONYA M. JACOBS

       Plaintiffs,

v.                                                                                          AP No. 14-01073

NAVY FEDERAL CREDIT UNION
Attn: Cutler Dawson, President/CEO
P.O. Box 3000
Merrifield, VA 22119-3000

       Also serve:    Thomas W. Steele and Joan C. Cox, as Trustees
                           820 Follin Lane
                           Vienna, VA 22180

       Defendant.

**ORDER AVOIDING LIEN OF NAVY FEDERAL CREDIT UNION**

THIS MATTER came upon the Complaint filed by Debtors, Douglas L. Jacobs and Sonya M. Jacobs, by counsel, against Defendant, Navy Federal Credit Union, and Defendant having failed to file a response to the Complaint and it appearing to the Court as follows:

John C. Morgan (VSB#30148)
John Carter Morgan, Jr., PLLC
98 Alexandria Pike, Suite 10
Warrenton, VA 20186
Telephone (540) 349-3232
Counsel for Debtor(s)

1. Debtors commenced this Chapter 13 case with the filing of a voluntary petition on September 23, 2013 (the "**Petition Date**").

2. Debtors owned certain real property and improvements thereon, conveyed to them by General Warranty Deed dated March 11, 1994, commonly known as 20593 Clover Hill Road, Remington, Virginia 22734 (the "**Real Property**"), which is more particularly described as:

> ALL OF THAT CERTAIN LOT OR PARCEL OF LAND, WITH ALL BUILDINGS AND IMPROVEMENTS THEREON AND APPURTENANCES THEREUNTO BELONGING, SITUATE, LYING AND BEING NEAR LAKOTA, IN JEFFERSON MAGISTERIAL DISTRICT, CULPEPER COUNTY, VIRGINIA, DESIGNATED AS LOT 1, CONTAINING 1.991 ACRES, ACCORDING TO A PLAT OF GREENHORNE & O'MARA, INC., DATED JULY 24, 1987, AND RECORDED IN THE CLERK'S OFFICE OF CULPEPER COUNTY, VIRGINIA IN PLAT CABINET 1, SLIDE 12.
>
> AND BEING THE SAME PROPERTY CONVEYED TO DOUGLAS LEE JACOBS AND SONYA M. KIRK, BY DEED DATED MARCH 11, 1994 FROM WILLIAM W. COSTELLO AND HELEN F. COSTELLO, HUSBAND AND WIFE, AND RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF CULPEPER COUNTY, VIRGINIA, IN DEED BOOK 525, PAGE 58.

3. The Real Property is Debtors' principal residence.

4. The Real Property is valued at $155,000.00, based upon a Residential Appraisal Report conducted on March 4, 2014.

5. The Defendant holds a lien in first position on the Real Property pursuant to a Deed of Trust securing a debt in the original amount of $188,000.00 (the "**First Deed of Trust**"). The First Deed of Trust was recorded on March 9, 2005 at 02:58 p.m., at Instrument #050002568, in the Culpeper County, Virginia Circuit Court Clerk's Office.

6. The Defendant holds an inferior lien in second position on the Real Property pursuant to a Deed of Trust securing a debt in the original amount of $60,000.00 (the "**Second**

**Deed of Trust**"). The Second Deed of Trust was recorded on December 29, 2006 at 1:58 p.m., at Instrument #060013665, in the Culpeper County, Virginia Circuit Court Clerk's Office.

7. As of the Petition Date, the approximate payoff of the First Deed of Trust was $205,220.90, and the approximate payoff of the Second Deed of Trust was $50,206.20.

8. Because the amount owed on the First Deed of Trust exceeds the value of the Real Property, there is no equity to which the Second Deed of Trust may attach.

9. The Complaint and Summons were properly served upon Defendant.

10. Defendant failed to file an answer or other response to the Complaint.

11. A Motion for Default Judgment was filed in this case on May 19, 2014.

UPON CONSIDERATION of the Complaint and the foregoing, it is accordingly,

ORDERED that, pursuant to 11 U.S.C. § 506, Defendant's inferior claim in second position on the Real Property (the "Lien") is hereby disallowed as a secured claim during the pendency of this case; and it is further

ORDERED that Defendant's claim is allowed as a non-priority, general unsecured claim subject to payment in accordance with the Chapter 13 Plan, and also subject to any additional review and objections by the Chapter 13 Trustee; and it is further

ORDERED that upon Debtors' successful completion of their Chapter 13 plan, and upon entry of the discharge of any claims subject to discharge, Defendant shall release its Lien, and the Lien shall be void for all other purposes; and it is further

ORDERED that Debtors shall not file this judgment Order with the Clerk of the Circuit Court of Culpeper County, Virginia until Debtors complete performance of their Chapter 13 plan and have received an Order of Discharge; and it is further

ORDERED that upon receipt of an Order of Discharge, Debtors may file a Certified Copy of this Order, along with a copy of the Order of Discharge, with the Clerk of the Circuit Court of Culpeper County, Virginia; and it is further

ORDERED that if the Real Property is sold or refinanced prior to discharge, or if any entity forecloses on a superior security interest that extinguishes the Lien prior to the discharge of this case, or if the case is dismissed or converted without completion of the Chapter 13 Plan, then the Lien is and shall not be avoided, and this Order shall be null and void, and the Lien shall remain in full force and effect.

Date: Jul 7 2014

/s/ Brian F. Kenney
United States Bankruptcy Judge

Entered on Docket: July 7, 2014

I ASK FOR THIS:

/s/ John C. Morgan
John C. Morgan, Esquire, VSB # 30148
John Carter Morgan, Jr., PLLC
98 Alexandria Pike, Suite 10
Warrenton, VA 20186
(540) 349-3232
(FAX) 349-1278
*Counsel for the Debtors/Plaintiffs*